UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP ANDREW GRIMSLEY, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-1017-RLM-MGG |

OPINION AND ORDER

Phillip Andrew Grimsley, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Grimsley's complaint alleges that when he arrived at the Miami Correctional Facility, he told various people that, because he was a potential witness in a murder trial, a prisoner that was a high-ranking member of the Hellraiser gang had directed that any Hellraiser housed in the same prison as

Mr. Grimsley should try to kill him. There was a "keep apart" order between Mr. Grimsley and the person he was to testify against, but Mr. Grimsley was nonetheless housed in the same building as that person (although on the other side). Mr. Grimsley has a history of being assaulted by Hellraisers. He received and reported threats to Sgt. G. Reutschler, Counselor C. Smith, and Counselor M. Lassiter. Sgt. Reutschler told him that the only way he was getting out was if he told him where phones and knives were. Sgt. Reutschler also told the people that Mr. Grimsley was having trouble with that he was trying to leave the dorm, which made things worse for Mr. Grimsley. Mr. Grimsley complained to Mrs. Smith nearly every day, including telling her that he was robbed at knife point, yet nothing was done to protect him. When Mr. Grimley complained to Mrs. Lassiter, she told Mr. Grimley that he was lying and she wouldn't investigate his claims. Mr. Grimley eventually reported a knife to Sgt. Reutschler in hopes that he would then be moved. He was moved, but he was again housed with members of the Hellraiser gang. Sgt. Reutschler the person with the knife (a member of the Aryan Brothers) that it was Mr. Grimsley that reported the knife to him. Mr. Grimsley went on suicide watch for three days to avoid danger and he was moved twice more, but he was still having problems. When he reported his problems, the person that was giving him the greatest problems was moved, but Mr. Grimsley was nonetheless viciously attacked on October 23, 2018. Mr. Grimley was hospitalized, but was again returned to the same dorm upon release, where he was assaulted yet again. He has since been transferred to a different facility.

Mr. Grimsley asserts an Eighth Amendment claim against Sgt. Reutschler, Counselor Smith, and Counselor Lassiter for failing to protect him from another inmate's attack. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). The complaint states a plausible Eighth Amendment failure to protect claim against Sgt. Reutschler, Counselor Smith, and Counselor Lassiter.

Mr. Grimsley has also sued the Indiana Department of Correction. the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here, so Mr. Grimsley can't state a claim on which relief can be granted against the IDOC.

Lastly, Mr. Grimsley has sued the Miami Correctional Facility. The Miami Correctional Facility is a building. It is not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, Mr. Grimsley can't state a claim on which relief can be granted against the Miami Correctional Facility.

For these reasons, the court:

(1) GRANTS Phillip Andrew Grimsley leave to proceed on an Eighth Amendment claim for money damages against Sgt. G. Reutschler, Counselor C. Smith, and Counselor Mary Lassiter for failing to protect him from another inmate's attack on October 23, 2018;

(2) DISMISSES Indiana Department of Correction and Miami Correctional Facility;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. G. Reutschler, Counselor C. Smith, and Counselor Mary Lassiter at the Indiana Department of Correction with a copy of this order and the complaint (ECF 23) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. G. Reutschler, Counselor C. Smith, and Counselor Mary Lassiter respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Phillip Andrew Grimsley has been granted leave to proceed in this screening order.

SO ORDERED on June 24, 2019

                                             s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT