UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP ANDREW GRIMSLEY, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-1017-RLM-MGG |

OPINION AND ORDER

Phillip Andrew Grimsley, a prisoner without a lawyer, filed a second amended complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In his second amended complaint, Mr. Grimsley alleges essentially the same facts he alleged before, but he has now dropped the Indiana Department of Correction and the Miami Correctional Facility as defendants and added

Warden William Hyatt as a defendant. According to the second amended complaint, when Mr. Grimsley arrived at the Miami Correctional Facility, he informed various individuals that because he was a potential witness in a murder trial, a prisoner that was a high-ranking member of the Hellraiser gang had directed that any Hellraiser housed in the same prison as Mr. Grimsley should try to kill him. There was a "keep apart" order between Mr. Grimsley and the individual he was to testify against, but Mr. Grimsley still was housed in the same building as that individual (although on the other side). Mr. Grimsley has a history of being assaulted by Hellraisers. He was receiving threats and reported them to Sgt. G. Reutschler, Counselor C. Smith, and Counselor M. Lassiter. Sgt. Reutschler told him that the only way he was getting out was if he told Sgt. Reutschler where phones and knives were. Sgt. Reutschler also told the people that Mr. Grimsley was having trouble with that he was trying to leave the dorm, making things worse for Mr. Grimsley. Mr. Grimsley complained to Mrs. Smith nearly every day, including telling her that he was robbed at knife point, yet nothing was done to protect him. When Mr. Grimley complained to Mrs. Lassiter, she told Mr. Grimley that he was lying and she wouldn't investigate his claims.

Mr. Grimley eventually reported a knife to Sgt. Reutschler in the hope that he would then be moved. He was moved, but he was again housed with members of the Hellraiser gang. Furthermore, Sgt. Reutschler told the individual with the knife (a member of the Aryan Brothers) that it was Mr. Grimsley that reported the knife to him. Mr. Grimsley went on suicide watch for three days to avoid danger and he was moved twice more, but he was still having problems. When

2

he reported his problems, the person that was giving him the greatest problems was moved, but Mr. Grimsley was nonetheless viciously attacked on October 23, 2018. Mr. Grimley was hospitalized, but upon his release he was returned to the same dorm, where he was assaulted yet again. He has since been transferred to a different facility.

As in his earlier complaint, Mr. Grimsley asserts an Eighth Amendment claim against Sgt. Reutschler, Counselor Smith, and Counselor Lassiter for failing to protect him from another inmate's attack. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). The second amended complaint states a plausible Eighth Amendment failure to protect claim against Sgt. Reutschler, Counselor Smith, and Counselor Lassiter.

Mr. Grimsley also asserts an Eighth Amendment claim against Warden William Hyatt for failing to protect him from another inmate's attack. Mr. Grimsley notes that he twice wrote to Warden Hyatt about his concerns, although it's unclear when he wrote him or precisely what his letters said. Mr. Grimsley notes that the warden is ultimately in charge of ensuring his safety,

that the warden is responsible for his officers, and that the warden was aware or should have been aware of his circumstances. But, Mr. Grimsley hasn't alleged facts to suggest that Warden Neal was personally involved in deciding where Mr. Grimsley was housed. He isn't liable just because he is in charge of the prison. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009); *see also* Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no application to § 1983 actions). Mr. Grimsely can't state a claim upon which relief can be granted against Warden William Hyatt for failure to protect him.

For these reasons, the court:

(1) LIFTS the stay in this case;

(2) GRANTS Phillip Andrew Grimsley leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Sgt. G. Reutschler, Counselor C. Smith, and Counselor Mary Lassiter for failing to protect him from another inmate's attack on October 23, 2018;

(3) DISMISSES Warden William Hyatt;

(4) DISMISSES all other claims; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. G. Reutschler, Counselor C. Smith, and Counselor Mary Lassiter respond, as provided for in

the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Phillips Andrew Grimsley has been granted leave to proceed in this screening order.

SO ORDERED on September 16, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT